**Luna Garibaldi**     **Plaintiff**   **vs.**   **Capital Management Services, L.P.**     **Defendant**

**Broward County Case Number:** COSO18001636

**State Reporting Number:** 062018SC001636AXXXSO

**Court Type:** Civil Division - County Court

**Case Type:** * Small Claims + - Damages > $500 - $2,500

**Incident Date:** N/A

**Filing Date:** 03/02/2018

**Court Location:** South Courthouse

**Case Status:** Pending

**Magistrate Id / Name:** N/A

**Judge ID / Name:** 62 Miller, Terri-Ann

---

**− Party(ies)**     Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Garibaldi, Luna** | | ★ Raslavich, Benjamin W, ESQ. Retained Bar ID: 102808 Kuhn Raslavich PA 2124 West Kennedy Boulevard Suite B Tampa, FL 33606 |
| Defendant | **Capital Management Services, L.P.** | | |

---

**− Disposition(s)**     Total: 0

**There is no Disposition information available for this case.**

---

**− Event(s) & Document(s)**     Total: 6

| Date ⬍ | Description | Additional Text | View | Pages ⬍ |
|---|---|---|---|---|

| Date ⬍ | Description | Additional Text | View | Pages ⬍ |
|--------|-------------|-----------------|------|---------|
| 03/02/2018 | **Statement of Claim (eFiled)** | | 📄 | 11 |
| 03/02/2018 | **Civil Cover Sheet** | | 📄 | 2 |
| 03/02/2018 | **eSummons Issuance - Pretrial** | | 📄 | 2 |
| 03/02/2018 | **Notice of Filing Designation of Emailing Addresses** | | 📄 | 1 |
| 03/02/2018 | **Filing Fee Paid** | Payor: BENJAMIN W RASLAVICH RASLAVICH; Userid: CTS-fg/t ; Receipt: 20181FA1A031623; ; Amount: $175.00 | | |
| 03/02/2018 | **Summons Issued Fee** | Payor: BENJAMIN W RASLAVICH RASLAVICH; Userid: CTS-fg/t ; Receipt: 20181FA1A031623; ; Amount: $10.00 | | |

---

**−**  Hearing(s)    Total: 1

| Date ⬍ | Description | Additional Text |
|--------|-------------|-----------------|
| 04/04/2018 | **Pretrial Hearing** | Hearing Time: 9:30 AM Judicial Officer(s): 62 Miller, Terri-Ann Location: South Courtroom 220 |

---

**−**  Related Case(s)    Total: 0

**There is no related case information available for this case.**

**IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

LUNA GARIBALDI,

      Plaintiff,

v.                                     Case No.:

CAPITAL MANAGEMENT SERVICES, L.P.,

      Defendant.

_____/

**STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL**

Plaintiff LUNA GARIBALDI ("Plaintiff"), by and through his undersigned counsel, seeks redress for the unlawful practices of Defendant, CAPITAL MANAGEMENT SERVICES, L.P. ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and in support thereof, alleges the following:

**NATURE OF THE ACTION**

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2.    In enacting the FDCPA, the United States Congress found that "[t]here is abundant

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 3/2/2018 3:07:46 PM.****

evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3.  Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.  Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, § 1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1)    The amount of the debt[.]

15 U.S.C. § 1692g(a) (emphasis added). *See*, *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012) ("Merely including the required [§ 1692g(a)] notice in letters to consumers is not sufficient. The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other

language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice.").

5. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

6. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

> (2) The false representation of--
>
> > (A) the character, amount, or legal status of any debt; or
>
> > […]
>
> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

7. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also*, *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

8. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the

Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

9.  In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

10. In the Eleventh Circuit, "[w]hether a particular communication is false or deceptive is a question for the jury." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985)); *see also*, *Lopera v. Midland Credit Mgt., Inc.*, 8:16-CV-1448-T-33JSS, 2016 WL 6650744, at *3 (M.D. Fla. Nov. 10, 2016)("[W]hether a letter is misleading raises a question of fact. Generally speaking, 'a jury should determine whether the letter is deceptive and misleading.'")(quoting *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015)).

## JURISDICTION AND VENUE

11. This is an action for damages greater than $500 but less than $2,500, exclusive of attorney's fees and costs.

12. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the FDCPA.

13. Venue in this District is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

14. Plaintiff is natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is a foreign limited partnership doing business in Florida.

17. Defendant holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

18. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

## FACTUAL ALLEGATIONS

23. Plaintiff is alleged to owe a financial obligation to "Bank of America, N.A." (hereinafter the "Alleged Debt").

24. The Alleged Debt consists of amounts allegedly due for consumer/personal purchases made on a personal credit card.

25. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

26. On or about November 8, 2017, Defendant sent or caused to be sent a written communication to Plaintiff (hereinafter "Defendant's Collection Letter"). A true and correct copy of Defendant's Collection Letter is attached hereto as "Exhibit A".

27. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

28. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

29. Defendant's Collection Letter was Defendant's initial communication with Plaintiff with respect to the Alleged Debt.

30. Defendant did not communicate with Plaintiff again in writing within five (5) days of Defendant's initial communication with Plaintiff.

31. Defendant's Collection Letter states "Balance: $1984.76"

32. At the time Defendant's Collection Letter was sent, the balance of the Alleged Debt was subject to increase due to contractual interest, pre-judgment interest and fees/costs.

33. Defendant's Collection Letter does not disclose that the balance of the Alleged Debt is subject to increase due to interest and fees/costs.

34. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes, documents and/or information provided to Defendant by the creditor(s) of the Alleged Debt, the underlying agreement creating the

Alleged Debt, and/or account statements for the Alleged Debt, that the balance of the

Alleged Debt was subject to increase due to interest and fees.

35. All conditions precedent to the filing of this action have occurred or been waived.

## COUNT I – VIOLATION OF THE FDCPA

36. Plaintiff re-asserts and re-alleges paragraphs 1 through 35 as if fully restated herein.

37. As detailed more fully above, Defendant failed to advise Plaintiff that the amount of the

Alleged Debt as stated in Defendant's Collection Letter was subject to increase. In doing

so, Defendant violated the FDCPA, to wit:

a. Section 1692g(a)(1), by failing to state the amount of the Alleged Debt. *See, e.g.,*

*Melillo v. Shendell & Associates, P.A.*, 2012 WL 253205 at *4 (S.D. Fla. Jan. 26,

2012)("Simply stating the amount due is not enough, however […] The letter 'must

state the amount of the debt clearly enough that the recipient is likely to understand

it.'")(citing *Chuway v. Nat'l Action Fin. Servs., Inc.,* 362 F.3d 944, 948 (7th

Cir.2004)); *Anselmi v. Shendell & Associates, P.A.*, 12-61599-CIV, 2014 WL

5471111, at *2 (S.D. Fla. Oct. 29, 2014)("A debt collector is also required to inform

a debtor if the debt is subject to adjustment by the creditor on a periodic basis.")

b. Section 1692e, by failing to disclose the amount of the Alleged Debt was subject to

increase. *See, e.g., ANA VASQUEZ PIMENTEL, Pl., v. NATIONWIDE CREDIT,*

*INC., Def..,* 17-20226, 2017 WL 5633310, at *3 (S.D. Fla. Nov. 13, 2017)("a

reasonable consumer could read the notice and be misled into believing that she

could pay her debt in full by paying the amount listed on the notice when, if interest

is accruing daily, a consumer who pays the 'current balance' would not know

whether the debt has been paid in full."); *Avila v. Riexinger & Associates, LLC*, 817

F.3d 72, 77 (2d Cir. 2016)("The collection notices at issue here stated only the 'current balance' but did not disclose that the balance might increase due to interest and fees. Thus, Plaintiffs have stated a claim that these notices were 'misleading' within the meaning of Section 1692e."); *Sperber v. C. Credit Services, LLC*, 16CV5222ARRRLM, 2017 WL 1737702, at *5 (E.D.N.Y. May 1, 2017)("Having alleged that interest was accruing on his debt and that CCS failed to either disclose this interest or otherwise disclaim its right to collect it, Sperber has stated a plausible claim that the collection notices he received from CCS were misleading under Section 1692e of the FDCPA").

   c.  Sections 1692e(10), 1692e(2)(A) and 1692f, by failing to disclose the amount of the Alleged Debt was subject to increase. *See, e.g., McNamee v. Debski & Associates, P.A.*, 8:16-CV-2272-T-33TBM, 2016 WL 5391396, at *3 (M.D. Fla. Sept. 27, 2016).

38. Defendant's violations of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) are material, in that they would impact the least sophisticated consumer's decision making process.

39. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has: (1) been denied his legal right to receive required disclosures in communications governed by the FDCPA; and (2) been materially mislead in violation of federal law. *See, e.g., Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)("Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.,*

'real'—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. *See Spokeo, Inc.*, 578 U.S. at ——, 136 S.Ct. at 1549; *Havens Realty Corp.*, 455 U.S. at 373, 102 S.Ct. 1114. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.")(internal footnotes omitted); *McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt […] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. […] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

40. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees

and costs.

## DEMAND FOR JURY TRIAL

41. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a)     Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(b)     Costs and reasonable attorneys' fees as provided by 15 U.S.C. §1692k; and

(c)     Any other relief that the Court deems appropriate and just under the circumstances.

DATED: March 2, 2018

Respectfully submitted by:

/s/ Benjamin W. Raslavich
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff

EXHIBIT A

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317



**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-866-507-8129, Fax: 716-512-6046

Reference# ████2975

Creditor: Bank of America, N.A.
Account #: XXXXXXXXXXXX6616
Balance: $1984.76

||ı|ı||ıı||ı|ı|ı|ı||ıı||ıı|ı|ı|ı||ı|ı|ı||ı|ı||ıı|ıı|ılı
T17  P1****AUTO**ALL FOR AADC 331
Luna Gabriela Garibaldi Aspri
PEMBROKE PINES, FL  33025-4573

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT

Dear Luna Gabriela Garibaldi Aspri:                                          November 08, 2017

This company has been engaged by Bank of America to resolve your delinquent debt of $1984.76.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.

You may contact Capital Management Services, LP. at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317 or call 1-866-507-8129 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET.  You may also make payments online at: www.cms-trans.com.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.



**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

_____

**I.      CASE STYLE**

## IN THE COUNTY COURT IN AND FOR BROWARD COUNTY

LUNA GARIBALDI,

Plaintiff,                                                                      Case No.:

v.

CAPITAL MANAGEMENT SERVICES, L.P.,

Defendant.

**II.      TYPE OF CASE**      (If the case fits more than one type of case, select the most definitive   category.)
If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real property/Mortgage foreclosure
  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure $50,001 - $249,999
  ☐ Commercial foreclosure $250,000 or more

☐ Homestead residential foreclosure $0 -   $50,000
☐ Homestead residential foreclosure $50,001 -  $249,999
☐ Homestead residential foreclosure $250,000 or  more
☐ Nonhomestead residential  foreclosure
   $0 - $50,000
☐ Nonhomestead residential  foreclosure
   $50,001 - $249,999
☐ Nonhomestead residential  foreclosure
   $250,000 or more
☐ Other real property actions $0 -  $50,000
☐ Other real property actions $50,001 -  $249,999
☐ Other real property actions $250,000 or   more
☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other  professional
☐ Other
**X  Antitrust/Trade regulation**
☐ Business  transactions
☐ Constitutional challenge—statute or  ordinance

☐ Constitutional challenge—proposed amendment     ☐ Libel/Slander
☐ Corporate trusts     ☐ Shareholder derivative action
☐ Discrimination—employment or other     ☐ Securities litigation
☐ Insurance claims     ☐ Trade secrets
☐ Intellectual property     ☐ Trust litigation

**III.**   **REMEDIES SOUGHT** (check all that apply):
    **X** **monetary**;
    ☐ nonmonetary declaratory or injunctive relief;
    ☐ punitive

**IV.**   **NUMBER OF CAUSES OF ACTION:** [ 1 ]
    (specify) Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ■ **no**

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ■ **no**
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ■ **yes**
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____ Fla. Bar # _____102808_____ Attorney or party
                                                         (Bar # if attorney)

    Benjamin Raslavich _____
(type or print name)                                                  Date

LUNA GARIBALDI_____ :  IN THE COUNTY COURT IN AND
_____ :  FOR BROWARD COUNTY, FLORIDA
_____ :  CASE NO. _____
_____ :  JUDGE_____
_____ :  DIV._____
           PLAINTIFF
VS.
 CAPITAL MANAGEMENT    :  **SUMMONS/NOTICE TO APPEAR FOR**
SERVICES, L.P.              :  **PRETRIAL CONFERENCE**
_____ :
_____
_____
           DEFENDANT

Pretrial Information: Appear at
3550 Hollywood Boulevard,Hollywood, FL 33021
on 04/04/2018 at 9:30 AM in South Courtroom 220.

STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S):

| | |
|---|---|
| LUNA GARIBALDI | CAPITAL MANAGEMENT SERVICES, L.P. |
| Kuhn Raslavich, P.A. | c/o CORPORATION SERVICE COMPANY |
| 2124 W. Kennedy Blvd., Suite B | 1201 Hays Street |
| Tampa, Florida 33606 | Tallahassee, Florida 32301 |

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom_____, located at_____, _____ on_____at_____for a **PRETRIAL CONFERENCE** before a Judge of this court.

**IMPORTANT – READ CAREFULLY**
**THE CASE WILL NOT BE TRIED AT THAT TIME.**
**DO NOT BRING WITNESSES--APPEAR IN PERSON OR BY ATTORNEY.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE**. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a **WRITTEN** request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

A copy of the statement of claims shall be served with this summons.

**DATE** MAR 02 2018 _____Florida, on _____

Filed by:_____
Address:_____
_____
_____

BRENDA D. F_____
AS CLERK/D_____

BRENDA D. FORMAN

By_____

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, FL 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

LUNA GARIBALDI,

      Plaintiff,

v.                                       Case No.:

CAPITAL MANAGEMENT SERVICES, L.P.,

      Defendant.

_____/

**NOTICE OF DESIGNATION OF EMAIL**
**ADDRESS FOR SERVICE OF COURT DOCUMENTS**

    KUHN RASLAVICH, P.A., counsel for Plaintiff in the above styled action, hereby designates the following email addresses for use pursuant to the Florida Rule of Judicial Administration 2.516:

ben@theKRfirm.com

Jennifer@theKRfirm.com

**CERTIFICATION OF SERVICE**

    **I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the summons in this action.

                        Respectfully Submitted,

                        */s/ Benjamin W. Raslavich*
                        **BENJAMIN W. RASLAVICH, ESQ.**
                        Florida Bar No.: 102808
                        E-mail:    Ben@theKRfirm.com
                        KUHN RASLAVICH, P.A.
                        2124 W. Kennedy Blvd., Suite B
                        Tampa, Florida 33606
                        Phone:    813-422-7782
                        Fax:      813-422-7783
                        Counsel for Plaintiff

**IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

LUNA GARIBALDI,

               Plaintiff,

                                    Case No.  COSO-18-001636

v.

CAPITAL MANAGEMENT SERVICES,
L.P.,

               Defendant.

_____/

**NOTICE OF FILING NOTICE OF REMOVAL TO THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

PLEASE TAKE NOTICE that this action has been removed to the United States

District Court for the Southern District of Florida, pursuant to the provisions of 28 U.S.C.

§§ 1331, 1441, and 1446.  Attached as **Exhibit A** is a copy of the Notice of Removal of

the above-captioned suit filed on behalf of defendant, Capital Management Services,

L.P., in the United States District Court for the Southern District of Florida, on this date.

Dated: March 30, 2018.

                                 Respectfully submitted,

                                 */s/ Ashley N. Rector*
                                 Ashley N. Rector, Esq.
                                 Florida Bar No. 0106605
                                 Dayle M. Van Hoose, Esq.
                                 Florida Bar No. 0016277
                                 SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                 3350 Buschwood Park Drive, Suite 195
                                 Tampa, Florida 33618
                                 Telephone: (813) 440-5327
                                 Facsimile: (866) 466-3140
                                 arector@sessions.legal

1

dvanhoose@sessions.legal

*Attorney for Defendant,*
*Capital Management Services, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 30th day of March 2018 a copy of the foregoing was filed electronically via E-Filing Portal.   A copy was sent via email to plaintiff's counsel as described below.

Benjamin W. Raslavich, Esq.
Kuhn Raslavich, P.A.
2124 W. Kennedy Blvd., Suite B
Tampa, FL 33606
ben@theKRfirm.com

*/s/ Ashley N. Rector*
Attorney

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No.

LUNA GARIBALDI,

        Plaintiff,

v.

CAPITAL MANAGEMENT SERVICES,
L.P.,

        Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, Capital Management Services, L.P. (CMS), by counsel, notices the removal of this action, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 *et seq*., to the United States District Court for the Southern District of Florida on the basis of the following facts which demonstrate the existence of subject matter jurisdiction in this Court:

## THE STATE COURT ACTION

1.      On March 2, 2018, plaintiff, Luna Garibaldi (plaintiff), commenced a civil action in the County Court, Seventeenth Judicial Circuit, in and for Broward County, Florida, entitled *Luna Garibaldi v. Capital Management Services, L.P.,* Case No. COSO-18-001636 (hereinafter the "State Court Action").

2.      On March 6, 2018, CMS was served with a copy of the Summons and plaintiff's Complaint (Complaint).  True copies of the Complaint and Summons are attached hereto as Exhibit "A."

EXHIBIT A

## REMOVAL IS TIMELY AND VENUE IS PROPER

3.     The time within which CMS is required by the laws of the United States, 28 U.S.C. § 1446(b), to file this notice of removal has not yet expired.

4.     Other than plaintiff's Complaint and proofs of service, no pleadings have been filed in the State Court Action.

5.     The County Court, Seventeenth Judicial Circuit, in and for Broward County is located within the Southern District of Florida.   Therefore, venue for purposes of removal is proper pursuant to 28 U.S.C. § 89(b) because the United States District Court for the Southern District of Florida embraces the place in which the removed action was pending. 28 U.S.C. § 1441(a).

## REMOVAL IS PROPER BECAUSE THE COURT
## HAS FEDERAL QUESTION JURISDICTION

6.     For the reasons described below, this Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges a cause of action arising under the laws of the United States.

7.     Specifically, plaintiff alleges CMS violated provisions of the Fair Debt Collection Practices Act (FDCPA).

8.     Because plaintiff affirmatively alleges violations of the FDCPA, the Complaint asserts a federal question under 28 U.S.C. § 1331 and is removable pursuant to 28 U.S.C. § 1441.

EXHIBIT A

**<u>NOTICE TO COURT AND ADVERSE PARTY</u>**

9.     CMS will promptly file a Notice of Filing of this Notice of Removal with the clerk of the County Court, Seventeenth Judicial Circuit, in and for Broward County, Florida and will serve the same on all adverse parties to this action.  Exhibit "B."

10.     As of the date of this filing, the defendant consents to removal of the State Court Action.

WHEREFORE, Defendant, Capital Management Services, L.P., respectfully requests this Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the County Court, Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida.

Respectfully submitted,

*/s/ Ashley N. Rector*
Ashley N. Rector, Esq.
Florida Bar No. 0106605
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 440-5327
Facsimile: (866) 466-3140
arector@sessions.legal
dvanhoose@sessions.legal

*Attorney for Defendant,*
*Capital Management Services, L.P.*

3
EXHIBIT A

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 30th day of March 2018, a copy of the foregoing

document was sent via email and U.S. Mail First Class to:

Benjamin W. Raslavich, Esq.
Kuhn Raslavich, P.A.
2124 W. Kennedy Blvd., Suite B
Tampa, FL 33606
ben@theKRfirm.com


*/s/ Ashley N. Rector*
Attorney

EXHIBIT A